IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARISOL R.C.[1],
Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

Civil No. 20-1353 (GLS)

**OPINION AND ORDER**

### I. Introduction

On July 21, 2020, Plaintiff Marisol R.C. ("Plaintiff") filed a complaint for judicial review of the Commissioner of Social Security's final decision, denying her application for disability benefits. Docket No. 2. On November 10, 2022, Plaintiff consented to appear before a Magistrate Judge for all further proceedings.[2] Docket No. 46. Pending before the Court is the Commissioner of Social Security's Motion to Dismiss arguing that Plaintiff's complaint is time-barred and not subject to equitable tolling. Docket No. 51. Plaintiff's opposition is also before the Court. Docket No. 52. After a thorough review, the Court finds that Plaintiff filed the complaint outside of the applicable period and has not alleged extraordinary circumstances to support a finding of equitable tolling. The Court **GRANTS** the Commissioner's motion to dismiss and **DISMISSES** the case.

### II. Procedural Background

On February 13, 2019, the administrative law judge ("ALJ") determined that Plaintiff was not disabled. Docket No. 51-1. Plaintiff requested that the Appeals Council review the ALJ's decision, and her appeal was denied on March 12, 2020. Docket No. 51-2 at 1. The Appeals Council mailed Plaintiff a Notice of Appeals Council Action (the "Notice") informing Plaintiff that she had 60 days to seek review by filing a civil action. Id. at 3. The Notice expressed that any requests for enlargement of the time to seek review had to be mailed to the Appeals Council. Id.

---

[1] Plaintiff's last name is omitted for privacy reasons.
[2] The United States has provided general consent to proceed before a U.S. Magistrate Judge in all Social Security cases. See Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed. R. Civ. P. 73(a).

Plaintiff filed her complaint on July 21, 2020. Docket No. 2. On January 9, 2023, the Commissioner filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) alleging that Plaintiff's complaint is time-barred under 42 U.S.C. § 405(g). Docket No. 51 at 2. Plaintiff opposed. Docket No. 52. Plaintiff argues that she pursued her rights diligently, but that extraordinary circumstances posed by the COVID-19 pandemic prevented her from filing her complaint within the 60 days provided in the Notice. Docket No. 52 at 4. Plaintiff argues that she visited the District Court Courthouse on various occasions during the month of April 2020, and spoke to the security guard at the entrance, but was not allowed to enter. She also argues that she called the Clerk's Office without any response. Plaintiff further argues that she was not represented by counsel and could not file her complaint through the CM/ECF System, so she was required to file her complaint in person and was unable to do so until July 21, 2020. Id. at 3-4.

### III. Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court's focus is on the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F. 2d 70, 74 (1st Cir. 1978). The Court must accept the well-pleaded facts as true. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The alleged facts must be enough to state a claim for relief that is plausible; factual allegations must be enough to raise a right to relief above the speculative level. Id. at 677; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). "[W]hen the facts alleged, if proven, will not justify recovery […] an order of dismissal under Rule 12(b)(6) may stand." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). To survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions" "a formulaic recitation of the elements of a cause of action will not do […]". Bell Atl. Corp. v. Twombly, 550 U.S. at 555. The Court may consider matters outside the pleadings, such as documents that are central to plaintiff's claims, documents sufficiently referred to in the complaint, documents the authenticity of which are not disputed, and official public records. Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013).

### IV. Discussion

#### 1. The 60-day Period to Seek Judicial Review

The Commissioner's motion is brought under 42 U.S.C. § 405(g), which establishes that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice

of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (2020). See Weinberger v. Salfi, 422 U.S. 749, 763 (1975). It is presumed that a plaintiff receives a denial of request for review from the Appeals Council five (5) days after the date of the notice. 20 C.F.R. § 422.210(c) (2020). See Galarza-Torres v. Comm'r of Soc. Sec., 2023 WL 2696528 at 3 (D.P.R.) (quoting Bean v. Colvin, 2016 WL 6684201 at *1 (D.Me.) ("claimant has sixty-five (65) days from the date of the [C]ommissioner's final decision to commence a timely action for review of that decision.")).

The sixty-day time limit in 42 U.S.C. § 405(g) is not a jurisdictional requirement. A party may seek an extension of time to file a civil action for good cause. 20 C.F.R. § 404.982; 20 C.F.R. § 404.911. Such a request is to be made to the Appeals Council. And the Section 405(g) term may be subject to tolling. Bowen v. City of New York, 476 U.S. 467, 478; 480 (1986). However, "[…] 42 U.S.C. § 405(g) 'generally precludes late judicial challenge to the denial of benefits.'". Galarza-Torres v. Comm'r of Soc. Sec., 2023 WL 2696528 at 4 (D.P.R.) (quoting Piscopo v. Sec'y of Health & Human Servs., 1994 WL 283919 at *3 (1st Cir. 1994)). A plaintiff must demonstrate extraordinary circumstances to toll the Section 405(g) deadline. Kraemer by Kraemer v. Saul, 2021 WL 6275213 at *2 (D.Mass.).

The Appeals Council denied Plaintiff's request for review on March 12, 2020. The Notice is dated March 12, 2020. See Docket No. 51-2. And it advised Plaintiff that she could file a civil action in the United States District Court within 60 days of receiving the Notice. Id. It also advised Plaintiff that she could seek an extension of that deadline with the Appeals Council. It is presumed that Plaintiff received the Notice no later than March 17, 2020. Therefore, Plaintiff had until May 18, 2020, to seek review. Plaintiff did not file her complaint until July 21, 2020. Docket No. 51 at 2. And even though Plaintiff has attached a copy of a letter in Spanish to establish that she sought an extension of the deadline with the Appeals Council (see Docket No. 52-1) and that she mailed (by certified mail) a copy of the letter to the Court, the date on that letter is May 26, 2020;[3] after the 65-day term to file the complaint in Court. There is no question that Plaintiff's complaint was untimely.

---

[3] The Court cannot consider documents in the Spanish language and Plaintiff has not requested leave or an extension to submit a translation to English. District Court of Puerto Rico's Local Rule 5(c).

3

### 2. Equitable Tolling

To excuse her untimely filing, Plaintiff would have to make a reasonable showing that she did not receive the Appeal Council's denial five days after it was issued. See 20 C.F.R. 422.210(c). Plaintiff does not make this argument. Plaintiff argues for the equitable tolling of the deadline due to the circumstances posed by the COVID-19 pandemic. To justify equitable tolling, a plaintiff must establish: "'(1) that [s]he ha[d] been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'" Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 255 (2016) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). This District Court has considered the following factors in deciding whether to apply equitable tolling: "(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.". Pacheco v. Saul, 2020 WL 7490397 at 5 (D.P.R.) (citing Borgos-Taboas v. HIMA San Pablo Hosp. Bayamón, 832 F.Supp.2d 121, 125 (D.P.R. 2011) (Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001) and Muldoon v. Astrue, 590 F.Supp.2d 188, 194 (D.Mass 2008)). Plaintiff does not dispute that she was timely and fully informed of the deadline to submit her complaint. The only issue raised by Plaintiff is that she was diligent in pursuing her rights given the circumstances created by the COVID-19 pandemic and the fact that she could not file her complaint through the CM/ECF system because she was not assisted by counsel.

To argue that she was diligent, Plaintiff claims that during the month of April 2020 she visited the Courthouse in Hato Rey on various occasions but was not allowed to enter the premises and that she called the Clerk's Office to no avail. Plaintiff does not substantiate these claims with an unsworn statement under penalty of perjury. She cites to a Standing Order dated March 11, 2020, in which the Court announced, among other matters, that effective March 16, 2020 (and until April 30, 2020), only visitors conducting business related matters would be allowed to enter the building. Misc. No. 20-088 (GAG) at Docket No. 1. Plaintiff also cites to a Second Amended Order Continuing Civil and Criminal Proceedings dated July 17, 2020, in which the Court extended the "Visitor Extended Protocol" (only visitors conducting business related matters would be allowed to enter the building) until September 7, 2020. Misc. No. 20-088 (GAG) at Docket No. 20. But neither of those orders establish that Plaintiff was prevented from entering the building to file her complaint. To the contrary, these orders establish that there was a protocol for visitors

4

conducting "business related matters". Further, the Court's Notice from the Clerk No. 20-09 (issued on March 31, 2020) announced that the Clerk's Office for the District of Puerto Rico would be open for business Tuesdays and Fridays (from 9:00 a.m. to 4:00 p.m.). Misc. No. 20-088 at Docket No. 12. Therefore, the Court can only conclude that there was no impediment for Plaintiff to enter the Courthouse and file her complaint on any Tuesday or Friday before May 18, 2020, regardless of the limitations posed by the COVID-19 pandemic. And, as argued by the Commissioner, although Plaintiff would have been unable to use the CM/ECF system to file her complaint, there was nothing preventing her from filing her complaint by mail. See District Court of Puerto Rico's Local Rule 5(a)(2). She did not use the mail to file her complaint within the time limit provided in the Notice. Plaintiff has thus failed to establish exceptional circumstances that would warrant the application of equitable tolling here. See e.g., Pacheco v. Saul, 2020 WL 7490397 at 6 (plaintiff did not demonstrate diligence because she did not point to exceptional circumstances to justify her late filing); Machuca v. Saul, 2021 WL 9598198 at *2 (M.D.Fla.) (equitable tolling not justified when plaintiff pointed to COVID-19, a delay in receiving necessary information, and a need to find transportation to the courthouse).

### V. Conclusion

Plaintiff filed her complaint to seek judicial review past the 65 days provided for such a filing under 42 U.S.C. § 405(g) (on July 21, 2020, when it was due on May 18, 2020). Plaintiff did not seek an extension of the deadline to file such a complaint until the deadline had elapsed and, more importantly, has not submitted evidence of such a request in the English language. There was nothing preventing Plaintiff from visiting the Clerk's Office of the U.S. Courthouse in accordance with the protocol for visitors during the COVID-19 pandemic and Plaintiff could have chosen to file her complaint through the mail. The doctrine of equitable tolling is to be "strictly construed". See Bowen v. City of New York, 476 U.S. at 479-481. Plaintiff has not established extraordinary circumstances to justify equitable tolling of the deadline. For these reasons, the Commissioner of Social Security's Motion to Dismiss is **GRANTED** and Plaintiff's complaint will be **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge